CHRISTINA L. GOEBELSMANN (SBN 273379)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
450 Golden Gate Avenue, Room 05-0153
San Francisco, California 94102
Phone: (415) 705-3333
Facsimile: (415) 705-3379
Email: Trevor.fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Nutrition 53, Inc.,<br><br><br>Debtor. | Case No. 23-40997 CN<br><br>Chapter 11<br><br>Date: October 18, 2024<br>Time: 3:00 p.m.<br>Place: 1300 Clay Street, Ctrm 215<br>Oakland, CA<br>[In Person or via Zoom] |

## OBJECTION AND RESERVATON OF RIGHTS OF THE UNITED STATES TRUSTEE TO THE APPLICATION TO EMPLOY MILES ARCHER WOODLIEF AS ATTORNEY FOR THE DEBTOR IN POSSESSION (ECF NO. 91)

Tracy Hope Davis, United States Trustee for Region 17 (the "U.S. Trustee"), by and through her undersigned counsel, hereby files this objection and reservation of rights ("Objection") with respect to the amended application to employ Miles Archer Woodlief ("Proposed Counsel") as counsel for debtor Nutrition 53, Inc. (the "Debtor") (ECF No. 91) (the "Amended Employment Application"). In support of her Objection, the U.S. Trustee respectfully represents as follows:

# I. INTRODUCTION

1. The Court should deny the Employment Application because it does not satisfy the requirements of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure. The Amended Employment Application fails to adequately address the disinterestedness and disclosure standards of 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014. Proposed Counsel's representation of the Debtor's affiliated individuals, William and Julie Romanowski, in their bankruptcy case may give rise to an actual conflict that disqualifies Proposed Counsel from representing the Debtor in this case.

2. The U.S. Trustee reserves all her rights with respect to this matter, including, but not limited to her right to take any appropriate action under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules of the U.S. Bankruptcy Court.

# II. STATEMENT OF FACTS

**A. General Case Background**

3. On August 11, 2023, (the "Petition Date"), the Debtor commenced this voluntary case under Chapter 11 of the United States Bankruptcy Code. *See* ECF No. 1.[1] The Debtor filed this bankruptcy case because of "[a]ggressive unjustified and unapproved IRS actions against DIP on a 3rd party's tax debt[.]" *See* ECF No. 33.

4. The first meeting of creditors under 11 U.S.C. § 341(a) was held on September 25, 2023, continued to October 16, 2023, November 6, 2023, November 27, 2023, December 13,

---

[1] The U.S. Trustee requests that the Court take judicial notice of the Debtor's Petition, Schedules, Statement of Financial Affairs, and other documents filed therewith, and any amendments thereto which are in the Court's file in this case pursuant to Fed. R. Evid. 201, as made applicable by Fed. R. Bankr. P. 9017 to the extent that this Objection contains factual assertions predicated upon statements made by Debtor, its agents, attorneys, professionals, or employees, the U.S. Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under Fed. R. Bankr. P. 9017 and Fed. R. Evid. 801(d)(2).

2023, January 10, 2024, January 24, 2024, and concluded on February 14, 2024. *See* Docket *generally*.

B.   **The Employment Applications**

7.   On August 22, 2023, the Debtor filed an initial application to employ Proposed Counsel ("First Employment Application") (ECF No. 24). The same day, the Bankruptcy Court entered a docket text order stating "[t]he Application is not granted as the Application is premature." *See* Docket Text Entry at August 22, 2023.

8.   No subsequent order was entered approving the First Employment Application.

9.   After a Status Conference held on September 20, 2024, the Bankruptcy Court entered a docket text order stating, "[b]y 9/23/2024, Mr. Woodlief shall file and serve his Amended Employment Application. By 10/7/2024, U.S. Trustee shall file and serve an opposition. By 10/15/2024, Mr. Woodlief shall file his response." *See* Docket Text Entry at September 20, 2024.

10.   On September 23, 2024, the Debtor filed the Amended Employment Application. *See* ECF No. 91. The Amended Employment Application is supported by a Declaration of Proposed Counsel and an Attorney Statement under Federal Rule of Bankruptcy Procedure 2016(b). *Id*. The Amended Employment Application states that Proposed Counsel "shall be compensated for his services actually rendered on an hourly basis at a reduced billing rate of $450.00[.]" *Id*. at 5.

11.   As to disinterestedness and disclosure of connections, the Amended Employment Application states in paragraphs 7 and 8:

> 7.   To the best of Debtor's knowledge, Woodlief has no connection with our creditors or any other parties in interest or its respective attorneys, except that Woodlief represents Debtor in these proceedings and one of its equity security

Case: 23-40997   Doc# 95   Filed: 10/04/24   Entered: 10/04/24 12:14:45   Page 3 of 10

holders in a separate bankruptcy case, all as stated in the affidavit of Miles Archer Woodlief, attached to this application.

8. Woodlief does not represent any interests adverse to Debtor or to its estate and is a "disinterested person" as that term is defined in Code section 101(14). Moreover, the employment of Woodlief is necessary and would be in the best interests of Debtor and its estate.

*See* ECF No. 91, at 6.

12. Proposed Counsel's declaration asserts in Paragraphs 3 and 4:

3. *NB:* I represent one of the Debtor's directors and equity holders and his wife, William and Julie Romanowski, in their individual Chapter 11 case, but in no other capacity. Those individuals will not have a claim in this case and neither is an officer of the Debtor. They are co-defendants in a claim brought by the IRS and the joint representation will allow for efficiencies that will lead to a stronger defense beneficial to this estate. Based on the underlying facts, I do not believe this representation presents a conflict of interest for either estate.

4. Therefore, as far as I have been able to ascertain after due inquiry, I represent no interests adverse to Debtor and its estate.

*See* ECF No. 91, at 8.

13. However, the Debtor scheduled Bill Romanowski as an unsecured creditor owed $463,123, and Mr. Romanowski filed a claim for $463,123.44 in the Debtor's case on December 26, 2023. *See* ECF No. 6; Claim No. 15-1. The claim states that the amount is related to loans Mr. Romanowski made to the Debtor. *Id*. As of the filing of this Objection, that claim has not been withdrawn. *Id*.

14. On September 5, 2024, Mr. Romanowski and his spouse (the "Romanowskis") filed an application to employ Proposed Counsel in their personal bankruptcy case (the "Romanowski Employment Application"). *See In re William and Julie Romanowski*, Case No. 24-40726 (Bankr. N.D. Cal.), ECF No. 84. The Romanowski Employment Application makes similar arguments to the Amended Employment Application, stating that Proposed Counsel is

representing the Debtor; that the Romanowskis are co-defendants in a claim brought by the IRS, but have no claim in the Debtor's case; and that joint representation will allow for efficiencies that will lead to a stronger defense. *Id.* at 8.

15. On September 11, 2024, the U.S. Trustee filed an Objection and Reservation of Rights to the Romanowski Employment Application. *See In re William and Julie Romanowski*, Case No. 24-40726 (Bankr. N.D. Cal.), ECF No. 86. That objection similarly argues that the Romanowski Employment Application fails to adequately address the disinterestedness and disclosure standards of 11 U.S.C. § 327 and Federal Rule of Bankruptcy Procedure 2014 in the face of potential, if not actual, conflicts of interest. *Id*.

### III. OBJECTION

**A. Legal Standards Under Section 327 and Rule 2014.**

16. Section 327(a) requires that professional persons seeking authorization to represent the bankruptcy estate be disinterested and prohibits such professionals from representing any interest adverse to the estate. *See* 11 U.S.C. § 327(a).

17. Under Federal Rule of Bankruptcy Procedure 2014(a), an application to employ an estate professional must include specific disclosures, including any proposed arrangement for compensation and all connections with any party of interest. Fed R. Bankr. P. 2014(a). The application must also include a statement verified by the professional disclosing such connections. *Id*.

18. The Ninth Circuit applies the disclosure requirements of Rule 2014 "strictly." *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 881 (9th Cir. 1995). "[T]he disclosure rules are not discretionary." *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474, 480 (B.A.P. 9th Cir. 1996); *see also In re Tevis*, 347 B.R. 679, 693–93 (B.A.P. 9th Cir. 2006). An attorney for a chapter 11 debtor has a mandatory, affirmative,

5

Case: 23-40997    Doc# 95    Filed: 10/04/24    Entered: 10/04/24 12:14:45    Page 5 of 10

and independent duty to make full and complete disclosure. 11 U.S.C §§ 327(a), 329; Fed. R. Bankr. P. 2014; *In re Park-Helena Corp.*, 63 F.3d at 881; *In re Plaza Hotel Corp.,* 111 B.R. 882, 883 (Bankr. E.D. Cal. 1990) *aff'd* 123 B.R. 466, 1990 WL 212563 (B.A.P. 9th Cir. 1990) (unpublished opinion).

19. These disclosure requirements assist the Court in ensuring an attorney has no conflicts of interest. *See In re Sundance Self Storage-El Dorado LP.*, 482 B.R. 613, 626, 631 (Bankr. E.D. Cal. 2012) ("A potential conflict also provides sufficient grounds for a court to deny a professional's employment.").

20. Under Section 327(a), a professional representing a debtor in possession may not hold or represent "an interest adverse to the estate" and must be a "disinterested person." *See* 11 U.S.C. § 327(a). In turn, a "disinterested person" is defined in the Bankruptcy Code to include one who "does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason." *See* 11 U.S.C. § 101(14)(C).

21. Section 327(c) provides that a person is not disqualified "solely" because of employment by or representation of a creditor; however, following an objection by a creditor or the U.S. Trustee, the finding of an actual conflict mandates disqualification of the professional. *See* 11 U.S.C. § 327(c). "An actual conflict involves the representation of two presently competing and adverse interests, while a potential conflict occurs where the competition may become active if certain contingencies arise." *See Maiman v. Spizz (In re Ampal-Am. Isr. Corp.),* 554 B.R. 604, 619 (S.D.N.Y. 2016) (citing *In re Granite Partners, L.P.*, 219 B.R. 22, 33 (Bankr. S.D.N.Y. 1998) and *In re Diva Jewelry Design, Inc.*, 367 B.R. 463, 472 (Bankr. S.D.N.Y. 2007) (defining actual conflict of interest as "an active competition between two interests, in which one interest can only be served at the expense of the other")). For example, if the creditor is also an

insider, the disqualification would not arise solely because of the representation of a creditor. *See In re Git-N-Go, Inc.*, 321 B.R. 54, 61 (Bankr. N.D. Okla. 2004).

22. Both potential conflicts and actual conflicts are grounds for a Bankruptcy Court to deny a professional's employment. *See In re Marvel Entm't Group*, 140 F.3d 463, 477 (3d Cir. 1998) ("Section 327(a) presents a per se bar to the appointment of a law firm with an actual conflict, and gives the district court wide discretion in deciding whether to approve the appointment of a law firm with a potential conflict.").

23. Obtaining a conflict waiver does not override the requirements of Section 327(a). *See In re Project Orange Assocs., LLC*, 431 BR 363, 374 (Bankr. S.D.N.Y. 2010). The disinterestedness requirement of Section 327(a) does not allow for the waiver of conflicts of interest. *See United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994); *In re Granite Partners*, 219 B.R. at 34.

**B.    The Employment Application Fails to Meet the Requirements of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.**

24. The objections herein are similar to the objections raised in the U.S. Trustee's objection in the Romanowski case. *See See In re William and Julie Romanowski*, Case No. 24-40726 (Bankr. N.D. Cal.), ECF No. 86. Further, in addition to the conflict of interest in representing both Debtor and the Romanowskis in their bankruptcy cases, Proposed Counsel's time spent representing both estates may indicate a conflict of interest in representing either entity.

25. Although the Bankruptcy Court has wide discretion in deciding whether to approve the employment of counsel, the Debtor and Proposed Counsel have failed to demonstrate that approval of the Amended Employment Application would be consistent with the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure. *See In re Marvel Entm't Group*, 140 F.3d 463, 477 (3d Cir. 1998).

26. The Debtor and Proposed Counsel have failed to address how the Firm's employment can be approved under Sections 327(a) and (c). Counsel in a Chapter 11 case must be able to effectively negotiate and potentially litigate matters on behalf of the Debtor. *See In re Project Orange Assoc*., LLC, 431 B.R. at 375 (citing *In re American Printers & Lithographers, Inc.*, 148 B.R. 862, 865-66 (Bankr. N.D. Ill. 1992). However, the record in this case reflects an evident potential, if not actual, conflict of interest that could impair Proposed Counsel's ability to effectively represent the Debtor in its case—Proposed Counsel's representation of the Romanowskis in their personal bankruptcy case. *See* ECF No. 84, at 6 & 8. The Amended Employment Application does not provide any legal argument as to how representation of individuals that are co-defendants with the Debtor in a matter central to the Debtor's bankruptcy case is not a potential or actual conflict under Section 327. Further, Proposed Counsel's declaration inaccurately states that the Romanowskis do not have a claim in the Debtor's bankruptcy case. *See* ECF 91, at 8. The Debtor's Schedule E/F lists Mr. Romanowski an unsecured creditor and Mr. Romanowski filed a claim for $463,123.44 which, as of the date of filing this objection, has not been withdrawn. *See* ECF No. 6 *and* Claim No. 15-1.

27. Representing two separate estates that are co-defendants in the litigation that instigated the filing of the Debtor's bankruptcy case provides a likely, if not active, competition between interests. As Mr. Romanowski is also an unsecured creditor in the Debtor's case (despite Proposed Counsel's representation to the contrary), concurrently representing the two bankruptcy estates with interconnected litigation and claims may impede Proposed Counsel's ability to effectively and impartially negotiate or litigate matters. Further, Proposed Counsel's representation of both estates to date without an order approving his employment in either case may create a conflict of interest that disqualifies him from representing either entity in their bankruptcy cases.

8

Case: 23-40997    Doc# 95    Filed: 10/04/24    Entered: 10/04/24 12:14:45    Page 8 of 10

28. The only argument advanced in the Amended Employment Application that the employment is that "joint representation will allow for efficiencies that will lead to a stronger defense beneficial to this estate." ECF No. 91, at 8. This argument does not present any legal basis or facts showing that a potential, or actual, conflict of interest does not arise from the concurrent representation. To the contrary, Proposed Counsel's representation of both estates establishes that he has interests on both sides of the co-defendant relationship. The argument that this connection will provide a "stronger defense" underscores the existence of an apparent conflict of interest, regardless of which estate he is representing.

29. The disinterestedness requirement of Section 327 does not allow for the waiver of a conflict of interest. *See United States Trustee v. Price Waterhouse*, 19 F.3d 138, 141 (3d Cir. 1994); *In re Granite Partners*, 219 B.R. at 34. Because Proposed Counsel has failed to present legal argument or facts demonstrating that a conflict does not exist, the Amended Employment Application should be denied.

### IV.     CONCLUSION

30. Based on the foregoing, the U.S. Trustee respectfully requests that the Court (i) deny the Employment Application and (ii) grant such other relief as the Court deems appropriate and just.

31. The U.S. Trustee reserves any and all rights, remedies and obligations to, *inter alia*, complement, supplement, augment, alter and/or modify this objection, file an appropriate motion and/or conduct any and all discovery as may be deemed necessary or as may be required and to assert such other grounds as may become apparent upon further factual discovery.

//

//

Case: 23-40997    Doc# 95    Filed: 10/04/24    Entered: 10/04/24 12:14:45    Page 9 of 10

Dated: October 4, 2024

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE, REGION 17

By: /s/ Trevor R. Fehr
Trevor R. Fehr
Trial Attorney for United States Trustee