BRANDY A. SARGENT (SBN 292586)
K&L GATES LLP
ONE SW COLUMBIA STREET, SUITE 1900
Portland, Oregon 97204
Telephone: 503.226.5735
Facsimile: 503.248.9085
Email: brandy.sargent@klgates.com

Attorneys for Amazon Capital Services, Inc.
and Amazon.com Services LLC

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>NUTRITION 53, INC.<br><br>Debtor in Possession | Case No. 23-40997<br><br>Chapter 11<br><br>**AMAZON'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Hearing Date: November 1, 2024<br>Time: 10:00am<br>Place: Courtroom 215,<br>1300 Clay Street, Suite 300, Oakland, CA 94612<br>Judge: Judge Charles Novak** |

Amazon Capital Services, Inc. ("**ACS**") and Amazon.com Services LLC ("**Amazon.com**" and together with ACS, "**Amazon**") file this *Motion for Relief from the Automatic Stay* (the "**Motion**"). The Motion is supported by the Declaration of Koty Moore (the "**Moore Declaration**"), the exhibits attached thereto, and the arguments herein, including the Stipulation of the Debtor to the relief requested herein.

### I. INTRODUCTION

Amazon requests relief from the automatic stay to allow Amazon to (1) terminate the BSA and to close the Debtor's Seller Account, and (2) apply the remaining balance in the Seller Account to reduce fees, costs and Loan balance owed to Amazon. Amazon holds an undersecured claim secured by assets including the balances in the Seller Account. Debtor is no longer selling its products using

1

its Amazon Seller Account and is not making any payments or providing other means of adequate protection to Amazon. Accordingly, relief from the automatic stay is appropriate (a) for cause, including lack of adequate protection of Amazon's interest and (b) because the Debtor lacks equity in the in the Seller Account and such property is not necessary to an effective reorganization.

## II. BACKGROUND

1. On August 11, 2023 Nutrition 53, Inc. (the "**Debtor**") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code, commencing this chapter 11 case (the "**Bankruptcy Case**"). The Debtor is now operating its business and managing its property as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or official committee of unsecured creditors has been appointed in the Bankruptcy Case.

2. Pre-petition, the Debtor sold nutritional products on the Amazon.com online store (the "**Amazon Store**") pursuant to the Amazon Services Business Solutions Agreement, an executory contract, together with applicable service terms, policies, and other agreements (collectively, the "**BSA**") A copy of the BSA terms are attached as Exhibit A to the *Stipulation Between the Debtor and Amazon Granting Relief From the Automatic Stay* [Dkt.79], (the "**Stipulation**"). Moore Declaration ¶ 3.

3. The BSA provides that Amazon may establish a reserve on the Debtor's Amazon.com seller account (the "**Seller Account**") based on its assessment of risks to Amazon or third parties posed by the Debtor's actions or performance, the amount of which may be modified from time to time at Amazon's sole discretion. Further, the BSA provides that Amazon may "offset any amounts that are payable by you to us (in reimbursement or otherwise) against any payments we may make to you or amounts we may owe you". This includes amounts that Debtor is responsible for reimbursing Amazon for refunds and returns and for any claims Amazon.com receives or initiates under the "A-to-Z Guarantee" or the "A-to-Z Claims Process for Property Damages and Personal Injury." The Debtor's sales on the Amazon Store, on a prepetition basis, included imperfect products, which has led to higher than usual customer returns. As of October 17, 2024, the Seller Account contains $139,218.09. Moore Declaration ¶ 4.

4.  The Debtor and ACS entered into a Loan Agreement, which was issued May 10, 2023 (the "**Loan Agreemen**t"), pursuant to which ACS loaned the Debtor the principal amount of $361,000.00 (the "**Loan**"). A copy of the Loan Agreement is attached to ACS's Proof of Claim (No. 12, the "**ACS Proof of Claim**"). (*See* Stipulation Exhibit B). Moore Declaration ¶ 5.

5.  As of October 17, 2024, the outstanding balance of the Loan is $374,642.44. Interest on the Loan accrues at the rate of 9.49% per annum. The Loan Agreement required the Debtor to make monthly payments of $31,652.21. Moore Declaration ¶ 5.

6.  Pursuant to the terms of ¶7 of the Loan Agreement, the Debtor granted ACS a continuing first lien security interest in its inventory in Amazon fulfillment centers, the Debtor's Seller Account, and substantially all of the Debtor's assets including but not limited to its equipment, goods, inventory, and accounts (collectively, the "**Prepetition Collateral**"). Moore Declaration ¶ 6.

7.  Further, under ¶7 of the Loan Agreement, Debtor must maintain good, complete, and marketable title to all Prepetition Collateral, free and clear of any and all security interests, liens, or encumbrances of any kind that may be inconsistent with the Loan Agreement or Amazon's interests. Moore Declaration ¶ 6.

8.  ACS properly perfected its first-priority security interests in the Prepetition Collateral by filing UCC-1 financing statement with the California Secretary of State on March 11, 2021. A copy of the financing statement is attached to the ACS Proof of Claim. Amazon further perfected its security interest by possession with respect to the Debtor's inventory held in Amazon fulfillment centers and funds held in the Debtor's Amazon Seller Account. Moore Declaration ¶ 7, (*See* Stipulation Exhibit B)

9.  ACS holds a first-position lien on substantially all of the Debtor's Prepetition Collateral and a first-position lien on the Debtor's "cash collateral," as that term is defined by Section 363 of the Bankruptcy Code, including the cash in the Debtor's Amazon Seller Account. A recent Uniform Commercial Code search related to the Debtor is attached to the Moore Declaration as **Exhibit 1.**

10. As detailed below, although the Internal Revenue Service has asserted a secured claim against the Debtor on the basis of alter ego claims for taxes due from the Debtor's owners (the Romanowskis), such claims do not affect the validity or priority of Amazon's perfected interests. A

recent lien search related to the Debtor conducted in Alameda County, California, and Solano County, California, is attached to the Moore Declaration at **Exhibit 2**.

11. As of the date of this filing, Debtor has not filed a plan of reorganization or provided adequate protection of Amazon's interest in the Seller Account. Additionally, the Debtor has stipulated to the relief requested herein. Moore Declaration ¶ 3, (*See* Stipulation)

### III. AUTHORITY

Relief from the automatic stay may be granted pursuant to Section 362(d): (1) for cause, including lack of adequate protection of an interest in property and (2) if the debtor does not have any equity in the property and such property is not necessary to an effective reorganization.

In any hearing on a motion for relief from the automatic stay, the moving party has the burden of proof with respect to the debtor's equity in the property and any party opposing the relief the burden of proof on all other issues. 11 U.S.C. § 365(g).

Cause exists allow Amazon to terminate the BSA and apply the fees accrued in the case because the Debtor is no longer operating its Amazon Seller Account, has no equity in the Seller Account and is not offering any form of adequate protection to Amazon. *In re Delta Waterways, LLC*, No. 18-42076 CN, 2018 WL 6445364, at *2 (Bankr. N.D. Cal. Dec. 7, 2018) ("Atlantic Capital is entitled to relief from stay under Bankruptcy Code § 362(d)(1). . . . Cause exists here, as Delta Waterways has not offered any credible adequate protection to Atlantic Capital. . . . Atlantic Capital is under-secured, and Delta Waterways has not made or realistically offered to make any post-petition payments.").

Relief from the automatic stay is also authorized because the Debtor has no equity in the balance of the Seller Account and such account is not necessary to an effective reorganization. Further, Debtor has stipulated that the balance of the Loan exceeds the Seller Account balance. (*See* Stipulation). The Seller Account is not necessary to the Debtor's reorganization, because the Debtor had transitioned its sales model to licensing agreements that are unrelated to Amazon Store sales and Debtor does not intend to resume sales on the Amazon Store. Further, Debtor has been operating in Chapter 11 for more than a year without progress towards confirmation of a plan of reorganization.

Amazon's secured interest in the Seller Account is a first priority interest in such property. Amazon's UCC-1 was filed with the California Secretary of State on March 11. 2021 ( the "**Amazon**

**Financing Statement**"). (*See* Stipulation Exhibit B). Further, the funds in the Seller Account are proceeds of the Debtor's inventory that was in the possession of Amazon at the time of sale and is Amazon's collateral.

A search of filings against the Debtor in the California Secretary of State's office discloses only the Amazon Financing Statement, all other filings against the Debtor having lapsed prepetition. Moore Declaration at **Exhibit 1**.

Although the IRS has filed Notices of Federal Tax Lien against Nutrition 53 as the alter ego of each of the Romanowskis in the records of the County Clerk of Alameda County, California, and Solano County, California (collectively, the "**Alter Ego NFTLs**"), such filings do not have the effect of priming Amazon's priority security interest. Copies of the Alter Ego NFTLs are attached to the Moore Declaration at **Exhibit 2**.

Pursuant to Internal Revenue Code Section 6323(a) and (f), a federal tax lien is not valid against a prior perfected secured creditor with an interest in personal property unless a notice of federal tax lien has been filed "which meets the requirements of subsection (f)", which in turn requires a filing in the "office within the State . . . designated by the laws of such State . . ." 26 U.S.C. § 6323.

California, like many states, has adopted the Uniform Federal Tax Lien Registration Act, which provides that notices of federal tax lien against the personal property of corporations, limited liability companies, and partnerships with their principal executive offices in California, must be filed in the office of the Secretary of State. CA Civ. Pro. Code § 2101(c)(1). The IRS has filed its Alter Ego NFTLs in county recording offices, *not* with the Secretary of State. Accordingly, the IRS's alleged tax lien is limited to real estate of alleged alter egos located in those counties. *See In re Vargas Quinones*, 581 B.R. 705, (Bankr. D. P.R. 2017) (IRS's claim attached only to real property because the IRS had not filed a proper notice of tax lien against the personal property of the debtor); *cf US vs. Jones*, Case No. SACV 09-2792 DOC (ANX), 2012 WK 569366, * 9-15, (CDCA Feb. 17, 2012) (nominee notices of tax lien properly filed were subordinate to prior existing secured creditors in real property). Accordingly, Amazon holds the first position perfected security interest in the proceeds in the Seller Account and is entitled to relief from stay to allow application of those funds to its secured claim.

## IV. NOTICE

Notice of this Motion has been served on the Debtor, United States Trustee, the list of creditors filed by the Debtor pursuant to Federal Rule of Bankruptcy Procedure 1007(d), parties appearing in this case, and the Internal Revenue Service.

## V. CONCLUSION

For the foregoing reasons, Amazon respectfully requests that the Court grant Amazon relief from the automatic stay to terminate the BSA and apply the balance of the funds in the Seller Account to the Loan balance.

K&L GATES LLP

Dated: October 17, 2024

By: /s/ *Brandy A. Sargent*
Brandy A. Sargent
*Attorneys for Amazon Capital Services Inc. and Amazon.com Services LLC*